EASTERN DIS.
*arch*, 1834.

BLANCHARD
*vs.*
STATE OF
LOUISIANA.

---

## BLANCHARD ET AL. *vs.* STATE OF LOUISIANA.

APPEAL FROM THE COURT OF THE SECOND DISTRICT

The act approved in March, 1827, absolutely prohibits any resort to the property of the sureties of the sheriff, until all that of their principal in the parish has been exhausted.

Insolvency is not presumed.

The plaintiffs, sureties of Firmin Blanchard, sheriff of the parish of Assumption, obtained an injunction against a treasury execution, issued against themselves and their principal.

The petition alleges the notice served on them by the coroner, the seizure under the execution, and the illegality of the proceedings, under an act of the legislature, approved on the 15th March, 1827, by which it is provided, that in future no person to whom an order of execution by the state treasurer for the collection of any sums of money due by tax collectors, in the different parishes in the state, and for which they are in arrears, shall

seize and sell the property belonging to the security or secu-
rities of said collector, until after having previously seized
and discussed all the movable and immovable property
belonging to the said tax collector, situated in the parish in
which each of them shall have his domicil.

That said Firmin Blanchard possessed at the time of
the notice, and now possesses, considerable movable and
immovable property in the parish of Assumption, the place
of his domicil; which property it was the duty of the coroner
to have seized and discussed, before making seizure on that
of the plaintiffs.

The district attorney, on behalf of the state, moves to
dissolve the injunction, because the plaintiffs in injunction
have not pointed out any property of Firmin Blanchard to be
discussed, and have not furnished or tendered any sum to
have the discussion carried into effect.

The judge *a quo* dissolved the injunction. He considered
that the right of discussion conferred on the surety by the act
of 1817, referred to a judicial discussion of property within
the parish.

The plaintiffs appealed.

*Nicholls,* for plaintiffs and appellants, contended that:

1. Previously to the act of the legislature, approved
March 15, 1827, securities of public officers, were securities
nominally, only. They could not invoke the provisions of
the Civil Code for their protection; they were not entitled
for the benefit of discussion, nor to any of the privileges
accorded to securities.

2. By the act of the legislature, approved march 15,
1827, all persons are prohibited from *seizing* or *selling* the
property of securities, until after having previously seized
and discussed all the movable and immovable property
belonging to the collector.

3. The first act of the coroner, viz: the *seizure,* being
illegal, all subsequent proceedings were tainted with the
same vice. *Mor. Digest, vol.* 2, *p.* 348.

BLANCHARD
*vs.*
STATE OF
LOUISIANA.

4. The securities, if required by law, to point out the property which is perfectly obtained, and no other opportunity of so doing, as the first and only notice they received, was the notice of the seizure made on themselves.

*Seghers*, for defendant and appellee, contended that:

1. The general averment in plaintiff's petition, that their principal debtor was possessed of some property, real and personal, is quite insufficient. The averment ought to have been special, and to have stated of what his property consisted. This special averment is *the gist of the action*, since securities cannot claim the benefit of the law, unless they point out the property owned in the parish by their principal. Every circumstance which is proper to be known, ought to be stated in the petition; and a party will not be permitted to avail himself of what he did not allege, or at least, of what he did not allege in such a manner as to put the defendant on his guard, and let him know on what matter he is to come prepared with his rebutting evidence· The judge *a quo*, therefore, should not have granted the injunction, and was right in dissolving it, so much the more so as an injunction is an extraordinary remedy, and ought not to be allowed, except upon a sufficient affidavit, not on a vague and loose statement. In an *ex parte proceeding*, every thing should, *prima facie*, be full and satisfactory. Otherwise, how could the judge form an opinion whether it be a case for an injunction? and besides, it would be the means of granting injunctions improvidently, and in open contradiction with the views of the legislature on this subject, as is well known to the court, that our legislature, in several successive enactments, have submitted the sureties as well as the principal debtor, to the penalty of ten and even twenty per cent. damages, in case an injunction be dissolved, as having been *improvidently* issued.

MARTIN, J., delivered the opinion of the court.

The petitioners obtained an injunction to stay proceedings on a seizure of their property, on an execution of the trea-

EASTERN DIS.
March, 1834.

BLANCHARD
vs.
STATE OF
LOUISIANA.

surer of the state, for arrearages due by a sheriff, whose sureties they are, suggesting that the notice served on them, and the seizure of their property, was illegal and void; the act approved on the first of March, 1827, providing that no person to whom an execution issued by the state treasurer, for the collection of any money due to the state, by collection of taxes in the different parishes, shall seize and sell the property of any surety or sureties of such collector, until after having previously seized and discussed all the moveable and immovable property of such collectors, situated in the parish in which each of them shall have his fixed domicil. The petition avers that their principal had movable and immovable property in his parish, at the time of the seizure of their own, and still continues to possess such property.

The district attorney demanded the dissolution of the injunction, on the ground that the petitioners had neither pointed out any property of their principal, or made a tender of money to defray the expenses of a discussion.

The injunction was dissolved, and the petitioners appealed.

Their counsel has contended, that before the act of 1827, sureties of collectors could not be entitled to the plea of discussion, nor any benefit held out by law to ordinary sureties, being bound jointly and severally with their principals. Their situation is improved by the act, and they are placed even on a more favorable footing than ordinary sureties. No part of their property is to be touched, till every part of that of their principal in the parish has been seized and discussed. Any seizure of their property, before that of their principal in the parish was seized and discussed, was an illegal act against which they had a right to pray for the interference of the court.

It has appeared to us the defence of the district attorney, rests on the assumption of the proposition, that the act of 1827, places the securites of collectors, simply on the same footing of ordinary sureties, by allowing them to suspend proceedings against their property, on a tender of money to

The act approved in March,1827, absolutely prohibits any resort to the property of the sureties of the sheriff, until all that of the principal in the parish has been exhausted.

Eastern Dis. *March*, 1834.

defray the expenses of a discussion; but we agree with the counsel of the appellant, that the act of 1827, absolutely prohibits any resort to their property, till after all that of the principal in the parish has been exhausted.

It has however been lastly contended, on the part of the state, that the injunction was correctly dissolved, on account of the insufficiency of the petition, which alleges vaguely the existence of property of the principal in the parish, without specifying any distinct object of it, so as to enable the state to disprove the averment. The petitioners have expressly brought this case within the words of the act of 1827.

Insolvency is not presumed.

Insolvency is not presumed, especially in so responsible an officer as the sheriff. The coronor was bound to look first for the property of the principal; this is not pretended to have been done. The existence of property is sworn to, and we look in vain in the record for any circumstance, from which it might be inferred, that the interposition of the court was improperly resorted to.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed, the injunction reinstated, and the case remanded for further proceedings.